### A. Q. MURPHEY V. THE STATE.
*No. 7312.    Decided May 27.*

1. **Indictment.**—An important requisite of an indictment is that it must appear therefrom that the same was presented in the District Court of the county where the grand jury was in session. This requisite must be made to appear by direct affirmative allegation. See the opinion for an indictment held bad because such requisite was not made to appear.

2. **Same—Defect of Form—Amendment.**—The want of such requisite is a defect of form, and may be cured by amendment. And when such defect is pointed out by a motion to quash the indictment, the court should sustain such motion or require the prosecuting attorney to amend the indictment.

APPEAL from the District Court of Karnes. Tried below before Hon. H. Clay Pleasants.

Conviction for theft of a hog, and punishment assessed at ten days confinement in jail and a fine of $75.

*Henderson & Henderson,* and *Graves & Wilson,* for appellant.

*R. H. Harrison,* Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE.—The formal allegations in the indictment in this case are as follows: "In the name and by the authority of the State of Texas. The grand jurors of the State of Texas duly elected, tried, and impaneled, sworn and charged to inquire in and for the County of Karnes, at a regular term of the District Court begun and holden within and for said County of Karnes on the third Tuesday after the first Tuesday in March, in the year of our Lord one thousand eight hundred and eighty-one, upon their oaths do present that A. Q. Murphey, late of said county," etc.

Defendant made a motion to quash the indictment, one of the grounds of which was that it does not appear therefrom that it was presented in the District Court of the county where the grand jury was in session. An important requisite of an indictment is that it must appear therefrom that the same was presented in the District Court of the county where the grand jury is in session. Code Crim. Proc , art. 420, subdiv. 2. "It does not appear from the indictment in this case, except inferentially, in what court it was presented, or that it was presented in any court. This requisite, like all others, must be made to appear by direct affirmative allegation." Thomas v. The State, 18 Texas Ct. App., 213; Niland v. The State, 19 Texas Ct. App., 166.

The defect in the indictment having been pointed out by a motion to quash, the same should have been sustained, or the court should have required the prosecuting attorney to have amended his indictment in that regard, which could have been done under the rule which allows the amendment of indictments or the parts of the same which are merely formal. An exception that the indictment does not allege that the same was presented in the District Court of the county where the grand jury is in session is an exception to the form of the indictment and not its substance, and the defect could have been cured by an amendment.

Because the court erred in overruling the motion to quash for the defect above stated the judgment is reversed; but the defect being one of form, and which may be amended, the prosecution will not be dismissed, but the cause will be remanded in order that said defect may be cured by amendment if so desired. Bowen v. The State, 28 Texas Ct. App., 498; Willson's Crim. Stats., sec. 1951.

*Judgment reversed and cause remanded.*

Judges all present and concurring.