## CLAUDE POE v. THE STATE.

No. 8258. Delivered October 8, 1924.

Rehearing denied December 3, 1924.

**Manufacturing Intoxicating Liquors—Indictment—Attack on Appeal—Too Late.**

For the first time, on appeal, appellant complains that the record fails to show that the indictment was presented by a grand jury in open court. This objection should have been presented in a motion to quash. See Branch's Ann. P. C., sec. 472, p. 245.

Appeal from the District Court of Callahan County. Tried below before the Hon. W. R. Ely, Judge.

Appeal from a conviction for manufacturing whisky; penalty, two years in the penitentiary.

*W. J. Cunningham* and *Cunningham & Oliver,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for manufacturing whisky, punishment being two years in the penitentiary.

No question was raised in the lower court relative to the presentment of the indictment, but appellant now attempts to raise on appeal a complaint that the record fails to show that the indictment was presented by a grand jury in open court. He refers us to Hardy v. State, 1 Tex. Crim. App., 556; English v. State, 18 S. W., 678; Hollingsworth v. State, 87 Tex. Crim. Rep., 399, 221 S. W., 978; Hickock v. State, 95 Tex. Crim. Rep., 173, 253 S. W., 823. All of these cases show that the question was presented *in limine* by motion to quash the indictment. We quote the fourth paragraph of Section 472 from Branch's Ann. P. C., at page 245:

"It is too late after a plea of not guilty to successfully except to the indictment upon the ground that the fact of its presentment was not entered upon the minutes of the court. A defect of form can only be reached by motion to quash."

Supporting the text Mr. Branch cites many authorities. As being directly in point, see Rowlett v. State, 13 Tex. Crim. App., 197, 4 S. W., 582; Rather v. State, 9 S. W., 69; Murphy v. State, 16 S. W., 417. The matter complained of not being a defect of substance the question cannot be raised for the first time in this court.

Appellant questions the sufficiency of the evidence. That appellant was present when the whisky was being manufactured is not

98 T. C.—12.

controverted. The court told the jury if he was present as a spectator, or as a purchaser, or for the purpose of getting a drink he could not be convicted of manufacturing. We do not feel authorized to disturb the verdict upon these issues under the evidence.

The judgment is affirmed.

*Affirmed.*