See, also, City of New Orleans v. Le Blanc, 139 La. 135, 71 So. 248; Ex parte Parr, 82 Tex. Cr. R. 529, 200 S. W 404; Ex parte Dickey, 76 W. Va. 576, 85 S. E. 781, L. R. A. 1915F, 840; Tiedeman on Mun. Corp. § 299; Davis v. Massachusetts, 167 U. S. 43, 17 S. Ct. 731, 42 L. Ed. 71.

Our examination of the declarations of both text-writers and courts force the conclusion that in the enactment of the ordinance in question the city of El Paso was within its charter powers and did not transcend constitutional limitations, either in interdicting the use of its streets by jitneys or by putting them in a separate class.

The order of the court refusing to discharge the relator is affirmed.

---

## POE v. STATE.    (No. 8258.)

(Court of Criminal Appeals of Texas.    Oct. 8, 1924.    Rehearing Denied Dec. 3, 1924.)

Criminal law ☞1032(2)—Failure of record to show presentment of indictment in open court cannot be first raised on appeal.

Failure of record to show presentment of indictment by grand jury in open court is not defect of substance, and hence cannot be raised for first time in appellate court.

Appeal from District Court, Callahan County; W. R. Ely, Judge.

Claude Poe was convicted of manufacturing whisky, and appeals. Affirmed.

W. J. Cunningham, and Cunningham & Oliver, all of Abilene, for appellant.

M. S. Long, Dist. Atty., of Abilene, and Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

---

HAWKINS, J.  Conviction is for manufacturing whisky; punishment being two years in the penitentiary.

No question was raised in the lower court relative to the presentment of the indictment, but appellant now attempts to raise on appeal a complaint that the record fails to show that the indictment was presented by a grand jury in open court. He refers us to Hardy v. State, 1 Tex. App. 556; English v. State (Tex. App.) 18 S. W. 678; Hollingsworth v. State, 87 Tex. Cr. R. 399, 221 S. W 978; Hickox v. State, 95 Tex. Cr. R. 173, 253 S. W 823. All of these cases show that the question was presented in limine by motion to quash the indictment. We quote the fourth paragraph of section 472 from Branch's Ann. P. C. at page 245:

"It is too late after a plea of * * * not guilty to successfully except to the indictment upon the ground that the fact of its presentment was not entered upon the minutes of the court. A defect of form can only be reached by motion to quash."

Supporting the text Mr. Branch cites many authorities. As being directly in point see Rowlett v. State, 23 Tex. App. 197, 4 S. W. 582; Rather v State, 25 Tex. App. 623, 9 S. W. 69; Murphey v. State, 29 Tex. App. 507, 16 S. W. 417. The matter complained of not being a defect of substance, the question cannot be raised for the first time in this court.

Appellant questions the sufficiency of the evidence. That appellant was present when the whisky was being manufactured is not controverted. The court told the jury if he was present as a spectator, or as a purchaser, or for the purpose of getting a drink, he could not be convicted of manufacturing. We do not feel authorized to disturb the verdict upon these issues under the evidence.

The judgment is affirmed.