## MILTON WILLIAMS V. STATE.

No. 29,673. April 30, 1958.
Motion for Rehearing Overruled June 25, 1958.
Second Motion for Rehearing Overruled October 22, 1958.
Petition for Writ of Certiorari Denied by Supreme Court of the United States
March 2, 1959, filed in Court of Criminal Appeals March 9, 1959.

*Woody & Showers,* by *Clyde W. Woody,* Houston, for appellant.

*James D. Kershaw,* District Attorney, Bastrop, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is rape; the punishment, death.

The evidence clearly established that appellant, a 27 year old Negro, barricaded a road which a 16-year-old white girl traveled nightly in going to her home after leaving the cafe where she was employed as a waitress; assaulted her by striking her with a pistol; robbed and ravished her and threatened to kill her and her whole family if she told what he had done.

The evidence need not be set out in detail, for the rape was established by the testimony of the victim; the confession of appellant; the doctor's testimony as to the wounds inflicted on the girl with the pistol and the evidence of bleeding and ruptured hymen and presence of male sperm in her sexual parts; and the officers' testimony showing that they followed tracks from the scene to where appellant was found with a pistol in his hand; his bloody clothes on the floor, and to where he said he had left the shoes which made the peculiar tracks of which casts were made by the officers.

There are no formal or informal bills of exception in the record.

The offense was committed and the indictment was returned in Burleson County, and venue was changed on appellant's motion to Lee County where the case was tried, both Burleson and Lee being counties of the 21st Judicial District.

The indictment is attacked for the first time in this court as being void in form wherein it reads:

"The Grand Jurors, for the County of Burleson, State aforesaid, duly organized as such at the May Term, A.D. 1957 of the District Court of the 21st Judicial District for said County, upon their oaths in said Court present that Milton Williams on or about the 30th day of August A.D., 1957, and anterior to the presentment of this Indictment, in the County of Burleson and State of Texas, in and upon * * * (name of victim), a female then and there under the age of eighteen years, did make an assault, and the said Milton Williams did then and there ravish and have carnal knowledge of the said * * * (name of victim), the said * * * (name of victim) * * * not being then and there the wife of the said Milton Williams; against the peace and dignity of the State."

The indictment complies with the requisites set out in Art. 396 C.C.P. and is sufficient.

If appellant's complaint be that the record does not show that the grand jury returned the indictment in open court to the judge, or that the finding and return of the indictment is not shown to have been entered upon the minutes, these are questions which cannot be raised for the first time in this court. Poe v. State, 98 Texas Cr. Rep. 177, 266 S.W. 417; Rather v. State, 25 Texas App. 623, 9 S.W. 69; Rowlett v. State, 23 Texas App. 191, 4 S.W. 582; Arnold v. State, 148 Texas Cr. Rep. 314, 186 S.W. 2d 995.

Motion was filed in Burleson County to quash and set aside the indictment because one C. E. Smith was a member of the grand jury which returned it and "is a prosecutor against this defendant," and a similar motion to quash was filed alleging racial discrimination by the court and the jury commissioners in the selection of the grand jury.

By separate orders each of the motions to quash the indictment was overruled, but no exception was reserved to the court's orders.

The evidence adduced in support of the motions to quash is before us and, because of the nature of the attack upon the indictment and of the extreme penalty being assessed, will be discussed.

C. E. Smith testified that he was a member of the grand jury empaneled in May, and that on August 30, 1957, the sheriff deputized him and he assisted in the search for appellant and was present when he signed a confession in the county attorney's office.

At one time in his testimony Mr. Smith stated that he signed the complaint, but it was shown that the complaint charging appellant with rape was not signed by Smith but by one Edward Ward, Smith's name did not appear as a witness to the confession offered in evidence.

Smith was not "a prosecutor" upon the accusation against appellant and was not subject to challenge under Art. 362(2) V.A.C.C.P.

It was further shown that C. E. Smith was a peace officer, having begun his duties as night watchman while he was a member of the grand jury.

That a member of the grand jury is a peace officer is not ground for quashing an indictment. Trinkle v. State, 60 Texas Cr. Rep. 187, 131 S.W. 583; Edgar v. State, 59 Texas Cr. Rep. 491, 129 S.W. 141; Trinkle v. State, 59 Texas Cr. Rep. 257, 127 S.W. 1060.

Nor is a witness in the case disqualified from serving on the grand jury. Welch v. State, 66 Texas Cr. Rep. 525, 147 S.W. 572.

The allegations of the motion to quash because of discrimination alleged that no Negro served as a member of the grand jury which returned the indictment. This was shown to be true, but it was further shown that a Negro was drawn on the panel but was excused at his request.

It was alleged that the population of Burleson County in 1940 was 18,334, of which 36.9 per cent were Negroes, and that in 1950 the population was 13,000 of which 32.3 per cent were Negroes. This was shown, but there was no proof as to the number of qualified grand jurors in the county or among the Negro citizens.

It was alleged that all of the jury commissions from 1943 to 1957, including the jury commission which selected the grand jury which indicted appellant, had consistently limited the number of Negroes selected to no more than two on each grand jury, as a result of which more often than not no Negroes at all served on the grand jury and never more than two had served on a grand jury, although a large number of Negroes were eligible.

No evidence was offered showing the number of Negroes that had been *selected* for grand jury service. The testimony of the district clerk, when asked concerning the number of grand jurors *serving* from 1945 to 1957 that were Negroes, was to the effect that as many as three had served in 1955, two in 1954 and at other terms, two in some instances, one in others and none in others.

There was evidence showing 465 Negroes paid poll tax in Burleson County in 1956, out of a total of 2406 voting poll taxes paid in the county, but the witnesses could not say how many were freeholders or householders, or how many could read and write, or how many were of sound mind and good moral character.

It was alleged and established that the jury commissions

during the period mentioned were composed entirely of white men, but it is not contended that this fact showed discrimination. We have held that it does not. Addison v. State, 160 Texas Cr. Rep. 1, 271 S.W. 2d 947; Oliver v. State, 155 Texas Cr. Rep. 461, 236 S.W. 2d 143; McMurrin v. State, 156 Texas Cr. Rep. 434, 239 S.W. 2d 632.

The contention that discrimination against members of the Negro race in the selection of the grand jury is shown by the record is overruled.

A novel question raised by brief and argument before this court is that the conviction should be set aside because the trial court appointed the county judge of Lee County to represent appellant at his trial in that county.

This contention is predicated upon the theory that this court should take judicial knowledge that M. F. Kieke, who represented appellant as one of his court-appointed counsel, was county judge of Lee County, and that we should construe Art. 494 V.A.C.C.P. as preventing his appointment.

Should we do so, the fact remains that Thos. W. Thompson also acted as court-appointed counsel for appellant at said trial, and there is nothing in the record which would indicate that other attorneys were available who could have better protected the rights of appellant at the trial.

Nor do we agree that a lawyer who is county judge is for that reason disqualified from acting as attorney for an indigent accused charged with murder, when he agrees to serve under appointment of the district judge.

Art. 494b V.A.C.C.P. reads:

"From and after the effective date of this Act, no elected county official in this State, who is a member of the legal profession and licensed to practice law in this State, shall be appointed by any court to represent any person accused of crime, and said official shall be under no duty to defend any such persons under such appointment unless he chooses to do so."

As we construe the statute, it would relieve a lawyer who is an elected county official from the duty of accepting such appointment, but would not preclude his serving if he chooses to do so.

Whether the county judge could receive compensation from the county for his services is not for this court to decide.

The judgment is affirmed.

### ON MOTION FOR REHEARING

MORRISON, Presiding Judge.

Appellant urges that we distinguish his case from several opinions by the Supreme Court of the United States. We shall discuss the cases cited in his brief.

Martin v. Texas 200 U.S. 316, 50 L. Ed. 497, merely holds that the allegations in a motion to quash cannot be considered as proof of the discrimination claimed.

In Smith v. Texas, 311 U.S. 128, 61 Sup. Ct. 164, 85 L. Ed. 84, there was a showing as to how many members of the colored race in the county measured up to the qualifications prescribed by the statute for grand jury service; in the case at bar there is no such showing. In Smith, there was proof that the names of the colored men who were drawn were systematically placed among the last names on the grand jury list and which, because of the practice of selecting the grand juries from the first names on the list, resulted in the exclusion of members of the colored race from grand jury service. In the case at bar there was no such showing. In Smith, there was proof of how many members of the colored race were selected as well as served. There is no such showing here.

Hill v. Texas, 316 U.S. 400, 62 Sup. Ct. 1159, 86 L .Ed. 1559, was reversed because it was there shown that no member of the colored race had been selected as a grand juror for sixteen years preceding the return of the indictment in that case. In the case at bar it was shown that three members of the colored race served on one grand jury, two on several occasions, one on others, and none on some.

In Cassell v. Texas, 339 U.S. 282, 70 Texas Sup. Ct. 629, 94 L. Ed. 839, there was proof that the jury commissioners made no effort to familiarize themselves with the qualifications of members of the colored race in their community. In the case at bar there was no such showing.

Ross v. Texas, 341 U.S. 918, 71 Sup. Ct. 742, 95 L. Ed. 1352, is a per curiam opinion which cites Cassell.

Hernandez v. Texas, 347 U.S. 475, 74 Sup. Ct. 667, 98 L. Ed. 866, is authority for the rule that persons of Mexican descent constituted a separate class of citizens from "whites" and, as such, must not be discriminated against in jury selection.

Though not cited, we do observe that in the recent case of Eubanks v. Louisiana, No. 550, Oct. Term, 1957, Sup. Ct. of U.S., delivered May 26, 1958, there was proof "that only one Negro had been picked for grand jury duty within memory" in Orleans Parish. The proof set forth above and in our original opinion clearly differentiates this case from Eubanks.

Remaining convinced that we properly disposed of this cause originally, appellant's motion for rehearing is overruled.