

# THE ATTORNEY GENERAL

## OF TEXAS

WAGGONER CARR
ATTORNEY GENERAL

AUSTIN 11, TEXAS

April 23, 1964

*Lee H-329*

Hon. Hector F. Frausto
County Attorney
Maverick County
Eagle Pass, Texas

Opinion No. C-247

Re: Whether it would be proper for a
County Commissioners Court to pay
a fee to one of its Commissioners,
which fee was allowed by a Dis-
trict Court, for the representa-
tion of an indigent in a felony
case under the stated facts.

Dear Mr. Frausto:

Your recent request for an opinion from this office
stated the following, in part:

"One of our County Commissioners, who is also
a licensed attorney was appointed by the District
Court of Maverick County, Texas, to represent an
indigent defendant. This appointment came prior to
January 1st, 1963, which was the day on which this
Commissioner qualified to serve as Commissioner.

"Subsequent to January 1st, 1963, the trial of
the case was had in the District Court of Maverick
County, Texas, and the Commissioner participated in
the trial under the appointment, and represented the
Defendant.

"The District Court entered an order in the case
allowing a fee of $25.00 to this Commissioner, in his
capacity as attorney, for representing the indigent
defendant under the Court appointment. This repre-
sentation was in a felony case.

"Before accepting payment of the $25.00 fee
allowed to him by the Court, the Commissioner wants
to be sure that his holding the office of County Com-
missioner would not prevent him from lawfully accept-
ing the fee from the County."

As you also stated, Article 2340 of Vernon's Civil Stat-
utes, and Articles 371 and 373 of Vernon's Penal Code are relevant
to your request.

Article 2340 reads as follows:

"Before entering upon the duties of their office, the county judge and each commissioner shall take the official oath, and shall also take a written oath that he will not be directly or indirectly interested in any contract with, or claim against, the county in which he resides, except such warrants as may issue to him as fees of office. Each commissioner shall execute a bond to be approved by the county judge in the sum of three thousand dollars, payable to the county treasurer, conditioned for the faithful performance of the duties of his office, that he will pay over to his county all moneys illegally paid to him out of county funds, as voluntary payments or otherwise, and that he will not vote or give his consent to pay out county funds except for lawful purposes."

Article 371 of Vernon's Penal Code reads as follows:

"Any officer of any county or of any city or town who shall contract directly or indirectly, or become in any way interested in any contract for the purchase of any draft or order on the treasure of such county, city or town, or for any jury certificate or any other debt, claim or demand for which said county, city or town may or can in any event be made liable, shall be fined not less than ten nor more than twenty times the amount of the order, draft, jury certificate, debt, claim or liability so purchased or contracted for. Within the term 'officer,' is included ex-officers until they have made a final settlement of their official accounts."

Article 373 of Vernon's Penal Code reads as follows:

"If any officer of any county, or of any city or town shall become in any manner pecuniarily interested in any contracts made by such county, city or town, through its agents, or otherwise, for the construction or repair of any bridge, road, street, alley or house, or any other work undertaken by such county, city or town, or shall become interested in any bid or proposal for such work or in the purchase or sale of anything made for or on account of such county, city or town, or who shall contract for or receive any money or property, or the representative of either, or any emolument or advantage whatsoever in consideration of such bid, proposal, contract, purchase or sale, he shall be fined not less than fifty nor more than five hundred dollars."

This department held in Opinion No. 0-2682 (1940), that employment by the County Commissioners Court of the County Judge, who was a licensed attorney, as an attorney to represent the county in legal matters, would be violative of the County Judge's oath of office and also contrary to sound public policy. The reason for this holding presumably was because the Judge would receive compensation from the county for his services as an attorney.

In a further opinion, No. 0-4597 (1942), this office held that an Assistant County Attorney could not continue to receive compensation from the county for services rendered under a contract entered into before he was appointed as Assistant County Attorney.

Using the above quoted statutes as authority, it has been held in many cases that the Commissioners Court of a county may not employ a member of the Court, nor may the Commissioners Court pay a claim presented by one of the members of the Court. The case of Starr County v. Guerra, 297 S.W.2d 379 (Tex.Civ.App. 1956), held that the employment of a member of a Commissioners Court by the Court would be contrary to the policy of the law and the oath that each Commissioner must take. In Knippa v. Stewart Iron Works, 66 S.W. 322 (Tex.Civ.App. 1902), the Court held that the oath taken by a County Commissioner would prevent the taking and enforcement of an assignment of a claim against a county because the Commissioner's pecuniary interest could have been directly opposed to the interest of the county under certain conditions. Under the holding in Cornutt v. Clay County, 75 S.W.2d 299 (Tex.Civ.App. 1934), the payment to a former County Commissioner for the use of his truck for the period during which he was a County Commissioner was denied because his claim was "against the law and public policy." The Court further stated: "Such claims or purported contracts are void and unenforceable."

In regard to the actual appointment of an attorney for an indigent defendant, the procedure for such is found in Vernon's Code of Criminal Procedure, Articles 494, 494a, and 494b, as set out hereafter:

Art. 494, in part.

"Whenever it is made known to the court at an arraignment or any other time that an accused charged with a felony is too poor to employ a counsel, the court shall appoint one (1) or more practicing attorneys to defend him."

Art. 494a, in part.

"Section 1.  Whenever the court shall
appoint one or more counsel(s) to defend any
person or persons pursuant to law in any felony
case in this State, each counsel may, at the
discretion of the trial judge, be paid a fee in
the sum of Twenty-five Dollars ($25) per day _for_
_each day such appointed attorney is actually in_
_trial court_ representing the person he has been
appointed to represent.  Provided, further, that
in all cases wherein a bona fide appeal is actu-
ally prosecuted to a final conclusion, each ap-
pointed counsel may be paid One Hundred Dollars
($100) for said appeal.  Provided, however, on
pleas of guilty before the court, said appointed
counsel may be paid Ten Dollars ($10) per case.
_The fee allowed counsel shall be paid by the_
_county wherein such trial is held and such sum_
_to be paid from county funds, where such funds_
_are available._"  (Emphasis added).

Art. 494b.

"From and after the effective date of this
Act, no elected county official in this State,
who is a member of the legal profession and
licensed to practice law in this State, shall be
appointed by any court to represent any person
accused of crime, and said official shall be un-
der no duty to defend any such persons under such
appointment unless he chooses to do so."

Article 494b has been thoroughly discussed in the case
of Williams v. State, 167 Tex.Crim. 503, 321 S.W.2d 72 (1958),
wherein it was held, at page 75, that a lawyer who is an elected
county official is not disqualified from accepting a court ap-
pointment as counsel for an indigent accused, if the elected of-
ficial chooses to serve, but that he is relieved of the duty of
accepting such appointment.  The Court further specifically
stated, though, that it was ". . . not for this Court to decide"
whether such elected official serving as counsel for the indigent
accused could receive compensation from the county for his serv-
ices.

In your specific case, any payment, such as that dis-
cussed, made to the Commissioner would be over and above his

regular compensation, and, as shown by Article 494a above quoted, the payment would be for services rendered the defendant after the Commissioner had taken his oath, since such payment would be for the actual time in the trial court. The payment of the $25.00 would be a direct financial benefit to the Commissioner and would be paid out of county funds.

In view of the above cited authorities and the cases interpreting the same, all of which we feel are pertinent to your request, it is the opinion of this office that, while a lawyer who is a County Commissioner may accept an appointment from a district judge to represent an indigent defendant, the County Commissioner may accept no compensation from the county he serves for any such representation. It is our opinion that the receipt of such compensation would be contrary to the Commissioner's oath, and against sound public policy.

### SUMMARY

An elected County Commissioner serving as counsel for an indigent defendant, even though he is serving by virtue of a court appointment under Article 494, Vernon's Code of Criminal Procedure, may not receive compensation for such service from the county which he serves as County Commissioner.

Yours very truly,

WAGGONER CARR
Attorney General

By Edward P. Bolding

Edward P. Bolding
Assistant

EPB:wb

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Howard Fender
Malcolm Quick
Marietta Payne
Joe Long

APPROVED FOR THE ATTORNEY GENERAL
BY: Stanton Stone