

THE ATTORNEY GENERAL
OF TEXAS

AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

June 19, 1974

The Honorable George N. Rodriguez, Jr.
County Attorney
201 City-County Building
El Paso, Texas 79901

Opinion No. H- 329

Re: Whether county commis-
sioner may be compensated
for representing indigent
defendant.

Dear Mr. Rodriguez:

You have requested our opinion on the question of whether a county commissioner may be compensated for his services as appointed counsel for an indigent defendant.

Article 26.06 of the Texas Code of Criminal Procedure provides:

> No court may appoint an elected county, district or state official to represent a person accused of crime, unless the official has notified the court of his availability for appointment. If an official has notified the court of his availability and is appointed as counsel, he may decline the appointment if he determines that it is in the best interest of his office to do so. Nothing in this Code shall modify any statutory provision for legislative continuance.

This article and its predecessor, Art. 494b of the former Code of Criminal Procedure, have been construed to permit a county official to accept an appointment to represent an indigent defendant. Ex parte Reece, 417 S.W. 2d 587 (Tex. Crim. 1967); Williams v. State, 321 S.W. 2d 72 (Tex. Crim. 1958), cert. den., 359 U.S. 930 (1959); Attorney General Opinion No. C-247 (1964).

No Texas court has decided whether a county official appointed to represent an indigent defendant may be compensated for doing so. In Williams v. State, supra, the court specifically declined to reach the question.

The oath of the county judge and the commissioners is set out in Article 2340, V. T. C. S., as follows:

> Before entering upon the duties of their office, the county judge and each commissioner shall take the official oath, and <u>shall also take a written oath, that he will not be directly or indirectly interested in any contract with, or claim against, the county in which he resides</u>, except such warrants as may issue to him as fees of office. Each commissioner shall execute a bond to be approved by the county judge in the sum of three thousand dollars, payable to the county treasurer, conditioned for the faithful performance of the duties of his office, that he will pay over to his county all moneys illegally paid to him out of county funds, as voluntary payments or otherwise, and that he will not vote or give his consent to pay out county funds except for lawful purposes. (Emphasis added)

In Attorney General Opinion No. C-247 (1964), this office determined the issue as follows:

> [I]t is the opinion of this office that, while a lawyer who is a County Commissioner may accept an appointment from a district judge to represent an indigent defendant, the County Commissioner may accept no compensation from the county he serves for any such representation. It is our opinion that the receipt of such compensation would be contrary to the Commissioner's oath, and against sound public policy.

We concur in this prior determination of the issue. The answer to your question is that a county commissioner may not accept compensation for serving as appointed counsel to an indigent defendant because it would be contrary to the commissioner's oath and against sound public policy.

## SUMMARY

A county commissioner may not receive compensation for serving as appointed counsel for an indigent defendant.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee