**Jane D. MULLINGS, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 11–94–050–CR.**

Court of Appeals of Texas, Eastland.

Jan. 17, 1996.

Order Overruling Rehearing Feb. 15, 1996.

Christopher Till, Comanche, Phil Robertson, Robertson & Robertson, Clifton, for appellant.

Andy McMullen, District Attorney, Ben L. Stool, Assistant District Attorney, Hamilton, for appellee.

Before ARNOT, C.J., DICKENSON, J., and McCLOUD, S.J.*

* Austin McCloud, Retired Chief Justice, Court of Appeals, 11th District of Texas at Eastland sitting    by assignment.

## Opinion

DICKENSON, Justice.

The jury convicted Jane D. Mullings of 95 felony offenses which were committed in connection with her operation of bingo games for: the Veterans of Foreign Wars, Post 8460 Auxiliary; the Comanche Hospital Guild; and the Comanche County Crime Stoppers, Inc. The offenses were listed as separate counts in one indictment, and they were jointly tried. The jury assessed appellant's punishment on three second degree felony offenses at two years imprisonment and a fine of $5,000, refusing her request for probation; it assessed her punishment on 92 third degree felony offenses at ten years imprisonment and a fine of $2,500, granting her request for probation.[1] We affirm the convictions.

### Points of Error

There is no challenge to the sufficiency of the evidence. Appellant briefed six points of error in her original brief and two more points in her supplemental brief. First, she argues that the trial court erred in denying her motion to quash the indictment, arguing that some members of the grand jury who returned the indictment were "complainants" in the case. Next, she argues that the trial court did not have jurisdiction to try her for the felony offenses and that she could only be prosecuted for misdemeanors under the Texas Bingo Enabling Act, TEX.REV.CIV. STAT.ANN. art. 179d (Vernon Pamph.Supp. 1996), because of the doctrine of "in pari materia." Appellant also argues: (Point 3) that her right to due process was violated by the State's failure to disclose exculpatory evidence; (Point 4) that the trial court erred in failing to instruct the jury on a lesser-included misdemeanor offense in connection with Counts 1, 2, and 3; and (Points 5 and 6) that the trial court erred in failing to "continue this cause of action to allow Defense counsel to review audits produced during trial."[2]

Appellant argues in her supplemental brief that she was denied the effective assistance of counsel because (Supplemental Point One) the State failed to disclose evidence favorable to the defense and because (Supplemental Point Two) the trial court refused a continuance for appellant's counsel "to review and properly respond to voluminous audit reports produced by the State at trial." All of the points are overruled.

### Validity of Indictment

■■■■ Appellant cites TEX.CODE CRIM. PRO.ANN. art. 19.08 (Vernon Supp.1996) which provides in pertinent part:

No person shall be selected or serve as a grand juror who does not possess the following qualifications:

8. He must not be a complainant in any matter to be heard by the grand jury during the term of court for which he has been selected as a grand juror.

Appellant called three members of the grand jury to testify during the hearing on her motion to quash the indictment. Eldon Tupin testified that he was foreman of the grand jury which indicted appellant. Tupin also testified that he was not a member of the Comanche County Crime Stoppers, Inc. while he was on the grand jury but that he had previously been a member for about two years and had served as its president "from sometime in ninety-one to the end of ninety-two." The indictment was dated September 27, 1993. Tupin was the nonprofit corporation's president at the time of some of the offenses listed in the indictment. Even if the record had shown that Tupin was an officer of the nonprofit corporation at the time the indictment was returned, that would not make him a "complainant" within the statutory prohibition. Bill Evans' testimony indicates that he was a member of the Comanche County Crime Stoppers, Inc. at the time he served on the grand jury which indicted ap-

---

1. The first three convictions are second degree felony offenses (misapplication of fiduciary property); there is one count for each charitable organization. The next 20 convictions are third degree felony offenses (misapplication of fiduciary property); all list the hospital guild as the complainant. The last 72 convictions are third degree felony offenses (commercial bribery); these are for "kickbacks on the rent" charged for use of the Bingo Hall.

2. Points 5 and 6 appear to be identical, and they refer to the same pages in the statement of facts.

pellant; however, that does not make him a "complainant" within the statutory prohibition. The nonprofit corporation was the complainant,[3] not its members or officers. Terry C. Hodges testified that he was a member of the Veterans of Foreign Wars but that he was not a member of the auxiliary. None of these witnesses signed complaints in connection with the offenses named in the indictment.

■ We refuse to accept appellant's argument that officers or members of a nonprofit corporation which was the victim of a crime are "complainants" within the meaning of Article 19.08. The corporation is the "complainant."[4] We need not decide if corporate officers or substantial stockholders of for-profit corporations have such a substantial financial interest that they, as well as the corporation, would be victims of the offense, "complainants" who are statutorily disqualified to serve on the grand jury. The first point of error is overruled.

*"In Pari Materia"*

■ Appellant argues in her second point of error that the trial court erred in denying her plea to the jurisdiction. Appellant argues that she could only be charged with misdemeanor violations of the Bingo Enabling Act and that the trial court did not have jurisdiction to hear the felony charges because the felony statutes were "in pari materia" with the more specific misdemeanor offense provisions of the Bingo Enabling Act. We do not agree.

This court discussed the rule of "in pari materia" in *Milligan v. State,* 859 S.W.2d 117 at 120 (Tex.App.—Eastland 1993, pet'n ref'd):

When two statutes govern the same subject matter, they are not in pari materia if they have different objectives, intend to cover different situations, and are not intended to be considered together. *Cheney v. State,* 755 S.W.2d 123 (Tex.Cr.App.1988). Where the same conduct is proscribed by

different statutes having different objectives, the rule of in pari materia does not apply. *Alejos v. State,* 555 S.W.2d 444 (Tex.Cr.App.1977).

The Bingo Enabling Act is not "in pari materia" with TEX.PENAL CODE ANN. §§ 32.43 & 32.45 (Vernon 1994). These sections have different objectives and cover different situations. The second point of error is overruled.

*Failure to Disclose*

■ The trial court granted both of appellant's motions to disclose evidence. The district attorney furnished all of the information which was in his possession, but the state auditors did not produce all of their data until the trial was underway. If that data contained exculpatory information, appellant would be entitled to a new trial. See *United States v. Agurs,* 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976); *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

Our review of the information furnished by the auditors during trial satisfies us that it does not contain exculpatory information. Appellant argues in her brief that the auditors' reports show that Gladys Posey, a witness for the State, made statements to the auditors which were not consistent with her testimony before the jury. Appellant then argues:

In those audits are contained ... statements made by Gladys Posey about having a partnership with Appellant. These statements indicate that Gladys Posey had told both the investigating auditors that Appellant and she were in a partnership. This directly contradicts her testimony on the stand that they were friends and she was forced to pay these payments as a commercial bribe.

The record shows that Posey was called as a witness for the State. She testified that she leased a building from John Huett and that she then made subleases to the three charitable organizations for their use of the building

---

3. The word "complainant" includes the victim of the offense. See *Flynn v. State,* 667 S.W.2d 235 at 238 (Tex.App.—El Paso 1984), *aff'd,* 707 S.W.2d 87 (Tex.Cr.App.1986).

4. Of course, if any of the grand jurors had signed complaints, they would be "complainants" within the meaning of the statute.

as a bingo hall. Posey said that appellant set the amount of rent for each lease. Each month Posey would write checks to appellant for a portion of the rent paid by each charitable organization for use of the bingo hall. Posey's testimony reads in pertinent part as shown:

Q: How were each of those checks calculated? How did you arrive at them?

A: There was ex amount of dollars paid to me on each lease.

*   *   *   *   *   *

[W]hen I received a lease [payment from each charity] I added it up, I deducted the expenses from it, what was left from the lease check, I wrote her a check on it.

Q: For how much, what percentage?

A: It was for half of what I had left.

*   *   *   *   *   *

Q: At the time that these checks had been written in 1992 ... had you, during the course of 1992 and prior to the writing of those checks, had discussions with Jane Mullings about whether or not that was legal.

A: Yes. We talked about it.

Q: What did you tell Jane Mullings?

A: I told her it was not legal. She knew it wasn't legal [for a Bingo Operator such as appellant to share in lease payments].

On cross-examination, Posey testified: "I thought we were good friends when we first started. We got along real well [at first]." Our reading of the auditors' reports does not reveal exculpatory information. What Posey told the auditors was as inculpatory as what she testified to at trial. It was not legal for a "Bingo Operator" to share in the rent payments for the bingo hall. Point of Error No. 3 and Supplemental Point of Error No. 1 are overruled.

*Lesser Included Offense*

■ Appellant argues that the trial court erred in overruling her objections to the jury charge on Counts One, Two, and Three of the indictment. These are the second degree felony counts (over $10,000 but less than $100,000). The court also charged the jury

on these counts with the lesser-included third degree felony offense (over $200 but less than $10,000), but it refused to charge on the lesser-included misdemeanor offense.

The State's theory was that appellant was able to commit the offense, "misapplication of fiduciary property," by cutting "three-on" bingo sheets into "one-on" bingo sheets. There was testimony that appellant purchased "nine-on" bingo sheets (nine games on each page), "three-on" bingo sheets (three games on each page), and "one-on" bingo sheets (one game on each page). There were separate inventory accounts for each type; records were kept by the manufacturer as to how many types of each were bought by appellant; and appellant was required by law to keep inventory records for each licensee for each type of inventory.

There was testimony that appellant would cut some of the "three-on" sheets into "one-on" sheets. This made it possible for her to skim or misapply two-thirds of the money paid by customers for the "one-on" sheets which had been created when "three-on" sheets were cut apart.

■ The Court of Criminal Appeals stated the applicable rule in *Royster v. State*, 622 S.W.2d 442 at 446 (Tex.Cr.App.1981):

[M]erely because a lesser offense is included within the proof of a greater offense, a jury charge on the lesser is not required *unless there is testimony raising such issue that the defendant, if guilty, is guilty only of the lesser offense.* (Emphasis added)

There is no testimony raising an issue that appellant was guilty only of the misdemeanor offense. Even though the auditors' opinions as to the amount of undeposited money were not exact, they clearly showed amounts well in excess of $200; therefore, the trial court did not err in refusing to charge on the lesser-included misdemeanor offense. Point of Error No. 4 is overruled.

*Continuance*

■ Appellant argues in Points of Error Nos. 5 and 6 (which are identical):

The Trial Court erred in failing to continue this cause of action to allow Defense

counsel to review audits produced during trial.

These points of error and Supplemental Point of Error No. 2 are overruled because the record does not show that the trial court abused its discretion in refusing the continuance. The formal audits about which appellant complains were not used by the State. The trial court restricted the State to using only the information which had been furnished to appellant's attorney in compliance with the trial court's prior rulings on the motions for discovery. As noted above, the formal audits did not contain exculpatory information. The trial court has a wide range of discretion in deciding whether or not to continue a trial because of developments during trial. There is no showing of any abuse of that discretion in this case, and there is no showing of any likelihood that a delay would have been of any real benefit to appellant.

### This Court's Ruling

The judgment of the trial court is affirmed.

ARNOT, Chief Justice, concurring.

### Validity of Indictment

I concur that the members of the grand jury in this case were not disqualified from serving because they were not "complainants" under Article 19.08(8). I write separately to clarify my position.

The Veterans of Foreign Wars, Post 8460 Auxiliary and the Comanche County Crime Stoppers, Inc. were two of the complainants named in the indictments. Tupin was foreman of the grand jury which indicted appellant. Tupin was not a member of the Comanche County Crime Stoppers, Inc. while he was on the grand jury but had been the nonprofit corporation's president at the time of some of the offenses listed in the indictment. Evans was a member of the Comanche County Crime Stoppers, Inc. at the time he served on the grand jury which indicted appellant. Hodges was a member of the Veterans of Foreign Wars but was not a member of the Auxiliary.

Historically, bias or prejudice on the part of a person summoned as a grand juror, his

forming an opinion as to the guilt of the accused, or his interest in a prosecution other than a direct pecuniary interest does not disqualify that person from serving on the grand jury. The theory has been that a grand jury is an accusatory not a judicial body. For example see *Williams v. State*, 167 Tex.Crim. 503, 321 S.W.2d 72 (1958); and *Arnold v. State*, 148 Tex.Crim. 310, 186 S.W.2d 995 (1945).

Certainly, one can propose different scenarios where a member of the grand jury is or is not qualified to serve. If a member owned insubstantial shares in a publicly traded company, that member of the grand jury would be qualified even though the company was the victim. However, a member or officer might be disqualified from serving as a grand juror if the defendant were being prosecuted for theft from a family business incorporated as a closely held business in which the member was the president. The question is whether the member or officer of the corporation is also the victim.

The more interesting question is whether, after the amendment of Article 19.08(8) in 1989, the purpose of the grand jury has begun to shift from being an accusatory body to becoming a body more similar to a petit jury in which the accused has the protection of an unbiased review. We find no cases addressing this question.

In *Arnold*, Arnold was convicted of cattle theft. Arnold objected that members of the grand jury were also members of the Texas & Southwestern Cattle Raisers' Association. One of the purposes of the Association was to help investigate and prosecute cattle thefts. Representatives of the Association had actually initiated the criminal proceedings against Arnold. In *Arnold*, the court held that members of the Association were not disqualified from serving as grand jurors. In *Williams*, one grand juror, C.E. Smith, was a peace officer who assisted in the search for Williams and was present when Williams signed a confession. The court held that Smith was not disqualified from serving on the grand jury that indicted Williams. These holdings are consistent with the concept that a grand juror is an accusatory body. Both of these cases were decided before the amend-

ment of Article 19.08(8) became effective on September 1, 1989.

In the case before us, the nonprofit corporations were the complainants, not their officers or members. Concerned citizens who donate their time and efforts to a nonprofit corporation for the prevention of crime might well be the same citizens who would be called upon to serve on a grand jury. Tupin, Evans, and Hodges did not sign the complaints in connection with the offenses named in the indictment. It would be unusual for a member of a nonprofit corporation to have a direct pecuniary interest in the corporation. I concur that the first point of error should be overruled and that the judgment of the trial court should be affirmed.

## On Rehearing

Appellant states in her motion for rehearing that this court erred by failing to consider her challenge to the sufficiency of the evidence. Appellant concedes that, on Pages 3 and 25 of her brief, the sixth point of error accidentally copied her fifth point of error. Appellant points out that the point was correctly stated on Page ii of the table of contents where it read:

> The verdict was contrary to law and evidence in that there was insufficient evidence as to the amounts of moneys allegedly taken under Counts One, Two and Three of the Indictment and that there was insufficient evidence as to the commercial bribery as alleged in Counts Twenty-five through Ninety-six.

Appellant also points out that the State was not misled by this mistake, noting that the State's brief argued in reply to the sixth point of error:

> There was sufficient evidence admitted of the amounts of money misappropriated as alleged in counts one, two, and three of the indictment and there was sufficient evidence admitted of commercial bribery as alleged in counts twenty-five through ninety-six of the indictment.

Appellant's argument under the sixth point of error discusses the sufficiency of the evidence. This court has now considered the sufficiency of the evidence under the sixth

point as stated on page ii of the table of contents.

We hold that the evidence is sufficient under the test stated in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), and *Geesa v. State,* 820 S.W.2d 154 (Tex.Cr.App.1991). When viewed in the light most favorable to the jury's finding of guilt, we hold that the evidence is sufficient to support the finding beyond a reasonable doubt that appellant was guilty of all the essential elements of each offense.

We also hold that the evidence is "factually" sufficient under the test stated in *Clewis v. State,* ―― S.W.2d ――[, 1996 WL 37908] (No. 450–94, Tex.Cr.App., January 31, 1996) (not yet reported). The evidence contrary to the verdict does not outweigh the evidence which supports the verdict, and we hold that the jury's verdict is not against the great weight of the evidence presented at trial so as to be "clearly wrong and unjust." *Clewis v. State,* slip opinion at Page 13, ―― S.W.2d at ――.

■ Three of the State's witnesses, Twylah Jo Beaty, Gladys Posey, and Linda Posey, testified that they had seen appellant cut "three-on" cards into "one-on" bingo cards. Another witness for the State, Ron Moe, testified that appellant had him cut "three-on" cards into "one-on" cards which would then be sold for $1.00 each. The evidence showed that no "one-on" cards were purchased during the year, but the books kept by appellant showed "one-on" card sales. The State's auditors estimated that the "potential unreported receipts" for the three Bingo charities were $77,118 (Veterans of Foreign Wars, Post 8460 Auxiliary), $39,460 (Comanche Hospital Guild), and $24,980 (Comanche County Crime Stoppers, Inc.). A rational fact finder could find beyond a reasonable doubt that appellant was guilty of misapplication of more than $10,000 from each of the three charities who were to profit from the Bingo games. Further, those findings are not against the great weight of the evidence presented at trial so as to be "clearly wrong and unjust." *Clewis v. State,* slip opinion at Page 13, ―― S.W.2d at ――.

■ We also hold that the evidence is "legally" and "factually" sufficient to support

the jury's verdicts on Count Nos. 25 through 96 of the indictment. The president of the hospital guild testified that the guild never consented to having a portion of the lease money paid back to appellant. The treasurer of the Veterans of Foreign War Post 8460 Auxiliary testified that the auxiliary did not consent to appellant receiving a part of the rent payments which were paid for the lease of the building. Eldon Tupin, former President of Comanche County Crime Stoppers, testified that he did not know that appellant got any of the rent money back from Gladys Posey. The sixth point of error is overruled.

The motion for rehearing is overruled.