Jane D. MULLINGS, Appellant,

v.

The STATE of Texas, Appellee.

No. 0533–96.

Court of Criminal Appeals of Texas, En Banc.

Dec. 4, 1996.

Christopher S. Till, Comanche, Phil Robertson, Clifton, for appellant.

Andy J. McMullen, District Attorney, Ben L. Stool, Asst. District Attorney, Hamilton, Matthew Paul, State's Atty., Austin, for State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

In a single trial, a Comanche County petit jury found appellant, Jane D. Mullings, guilty of (a) three counts of misapplication of fiduciary property of the value of $10,000 or more but less than $100,000, (b) twenty counts of misapplication of fiduciary property of the value of $200 or more but less than $10,000, and (c) 72 counts of commercial bribery. See Tex. Penal Code §§ 32.43 and 32.45. All of the offenses occurred in 1992 and related to appellant's operation of bingo

games for three Comanche County organizations, including Comanche County Crime Stoppers, Inc. The jury assessed punishment at, among other things, imprisonment for two years and a $5,000 fine, and the trial court ordered restitution. The Eleventh Court of Appeals affirmed the judgment of the trial court. *Mullings v. State,* 917 S.W.2d 334 (Tex.App.—Eastland 1996). We granted appellant's petition for discretionary review[1] to determine whether the court of appeals erred in holding that the foreman of the grand jury that indicted appellant was not disqualified under Article 19.08(8) of the Texas Code of Criminal Procedure. See Tex.R.App. Proc. 200(c)(2).

After hearing oral argument and reviewing the record, we conclude that our decision to grant appellant's petition was improvident. Accordingly, we dismiss appellant's petition. See Tex.R.App. Proc. 202(k).

CLINTON, J., dissents.

---

1. Appellant's ground for review read as follows: "Did the Court of Appeals err when it found that the Grand Jury Foreman who was the president and the only witness testifying on behalf of [Comanche County Crime Stoppers, Inc.] was not a complainant within the meaning of Article 19.08(8) of [the] Texas Code of Criminal Procedure?"