Opinion delivered . une 15, 1887.

No. 5454.

## Q. V. CRUMP *v.* THE STATE.

1. MISAPPLICATION OF PUBLIC MONEY.—INDICTMENT conforming substantially to No. 25 of Willson's Criminal Forms is sufficient to charge against a county officer the offense of misapplying the public money, as that offense is defined by Article 103 of the Penal Code.
2. SAME—CASE DISTINGUISHED.—A JUSTICE OF THE PEACE is a county officer within the purview of Article 103 of the Penal Code.  See the opinion for the distinction between this and the case of Edwards v. The State, 2 Texas Court of Appeals, 525.
3. PRACTICE—CHARGE OF THE COURT.—See the opinion for the substance of a charge of the court *held* erroneous.  But in view of the evidence in the case, and the failure of the appellant to except to the charge at the proper time, the error is immaterial.

APPEAL from the District Court of Brown.   Tried below before the Hon. J. C. Randolph.

The appellant in this case was convicted under an indictment charging him, as a justice of the peace, with a violation of Article 103 of the Penal Code, defining the offense of misapplica-

tion of the public funds. The penalty assessed by the jury was a term of two years in the penitentiary.

It was proved by the State, and not controverted by the defense, that the defendant was the duly qualified and acting justice of the peace of precinct number one, Brown county, Texas, in April, 1886, and that on the fourteenth day of that month one McGee was tried before him for an assault, was convicted upon a plea of guilty, was fined in the sum of ten dollars, paid his fine to the defendant as justice of the peace, and that the defendant had never paid the amount of the said fine into the county treasury

*L. D. Brooks* and *Walton, Hill & Walton*, for the appellant.

*W. L. Davidson*, Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE.    Article 103 of the Penal Code provides " that if any officer of any county, city or town in this State, or any clerk or other person employed by such officer, shall fraudulently take, misapply, or convert to his own use, any money, property, or other thing of value belonging to such county, city or town, that may come into his custody or possession by virtue of his office or employment; or shall secrete the same with intent to take, misapply or convert it to his own use, etc., he shall be punished by confinement in the penitentiary for a term of not less than two nor more than ten years."

In the indictment in this case, which was evidently brought under the statute, it was in substance charged that ten dollars belonging to and for the use of Brown county had come into the possession and custody of the appellant as justice of the peace of precinct number one of Brown county, it being a fine assessed in a certain criminal case tried before him, and which he unlawfully and fraudulently took and converted to his own use. As to form and allegation this indictment is (except as to a single word, which does not alter the sense and is evidently a clerical error, as shown by a corrected copy on file) an almost literal reproduction of the form prescribed in Willson's Criminal Forms, No. 25, page 26. Objections urged to the same are immaterial and untenable.

But it is contended that a justice of the peace is neither a county, city or town officer, and consequently does not come within the purview of the statute, and we are cited in support

of this position to Edwards v. The State, 2 Texas Court of Appeals, 525. That case was a prosecution of a justice under the Act of April 7, 1873. for failing to report moneys other than taxes collected by him for the benefit of the county, and it was held that a justice was not one of the officers mentioned in terms in said Act, nor did his official character bring him within the terms of the Act, which referred only to *ministerial* officers. That case was a construction of a particular statute involved, and has no application to or bearing upon Article 103 of the Penal Code, unless, indeed, as is contended in this. as in the Edwards case, a justice of the peace is not embraced in the officers provided for by said Article 103.

It is insisted that a justice is not a "county officer." He is expressly mentioned as one of the *"county"* officers in section 24, Article V. of the Constitution; also in Article 3390 of the Revised Statutes, who may be removed from office for incompetency, official misconduct, etc. He is one of the county officers who is required to make a full and complete report in writing at the end of every month of all fines imposed and judgments rendered and jury fees collected in his court in favor of or for the use of the county. (Rev. Stat., art. 951.) With regard to his fines and judgments, it is specially provided that "fines imposed or judgments rendered by justices of the peace shall be charged against the justice of the peace imposing or rendering the same, and he may be discharged said indebtedness by filing with the county clerk the treasurer's receipt for the amount thereof," etc. (Rev. Stat., art. 953.) And he is clearly embodied within the general provision "that whenever any officer collects money belonging to and for the use of the county he shall, except where otherwise provided, forthwith report the same in writing to the clerk of the county court to which such money belongs, stating fully in such report from whom collected, the amount collected, the time when collected, and by virtue of what authority or process collected." (Rev. Stat., art. 956.) Under a statute not so explicit as the one under which this prosecution is had, our Supreme Court held that a deputy sheriff was an officer authorized to collect taxes, and as such was liable to indictment for embezzlement of money collected by him as taxes. (The State v. Brooks, 42 Texas, 62.)

It is urgently insisted that a patent and fundamental error was committed by the court in that portion of the charge in which the jury were told that when a justice has collected money

for the use of the county in which he is justice of the peace, it is his duty "to *forthwith* pay the same over to the treasurer of such county." Literally speaking, the instruction is incorrect. But the charge was not excepted to, and, when it is considered as a whole, and in view of the evidence in the case, it can not be possibly imagined how the error could have affected the defendant, who, it is shown, though he collected the money on April 7, 1886, had never, up to the date of the trial, March 18, 1887, made his report of the same, as the law required, much less that he had paid it.

Other objections urged to the charge are not well taken. Upon circumstantial evidence it followed approved precedents, and was sufficient. In other respects it presented, in our opinion, in a plain, ample, practical and fair manner, all the law applicable to the facts; and such being the case, it was not error to refuse defendant's special requested instructions.

Other matters shown by bills of exception in the record are not considered of such importance as to require discussion at our hands.

A mature consideration of the record and briefs has failed to furnish us with any valid or sufficient reason why the judgment should be reversed, and it is therefore affirmed.

*Affirmed.*