### C. B. REYNOLDS v. TARRANT COUNTY.

#### No. 3075.

1. **Justice of the Peace—County Officers.**—*County officers* as in article 705, Revised Statutes, are defined in article 706, and do not include justices of the peace.

2. **Office Rooms for Justices of the Peace.**—Counties are not responsible for office rent incurred by justices of the peace when offices are not furnished by the county commissioners, nor are the county commissioners required to furnish office rooms nor furniture for justices of the peace of their county.

ERROR from Tarrant. Tried below before Hon. R. E. Beckham. The facts are given in the opinion.

*Wynne, McCart & Stedman,* for plaintiff in error.—The court erred in rendering judgment for the defendant, for the reason that plaintiff being a county officer of Tarrant County at its county seat it is incumbent upon the county to provide him with an office as such justice of the peace. Const., art. 5, sec. 24; Crump v. The State, 23 Texas Ct. App., 615; Rev. Stats., arts. 705, 1514–1521, 3390.

*Sam Furman,* for defendant in error.—1. A justice of the peace is not a county officer within the meaning of the law which requires County Commissioners Courts to provide offices for county officers. Const., art. 4, sec. 26; Const., art. 5, secs. 18, 24; Const., art. 16, sec. 40; Rev. Stats., arts. 705, 706, 1521, 1533, 1535, 1547, 1556, 1558, 1680, 1707, 1718, 2411; Gaal v. Townsend, 77 Texas, 464; Railway v. Kutac, 72 Texas, 643; Bell v. State, 18 Texas Ct. App., 56; Cannon v. Vaughan, 12 Texas, 402.

2. Commissioners Courts are not authorized by law to furnish justices of the peace with office furniture. Rev. Stats., art. 2411.

3. A justice of the peace has no power to contract a debt against a county for a county building or for any other purpose without being

specially authorized to so do by the Commissioners Court of such county. Rev. Stats., arts. 681, 684; Ferguson v. Halsell, 47 Texas, 421.

GAINES, ASSOCIATE JUSTICE.—The appellant being a justice of the peace of Tarrant County, in the city of Fort Worth, and having paid the rent of an office from the 15th day of November, 1888, to the 15th day of September, 1889, at the rate of $12.50 per month, presented an account to the Commissioners Court of the county for the repayment of the amount so expended. He also claimed $20 for office furniture purchased. That court having rejected the claim, he brought suit against the county in the court of another justice of the peace and obtained a judgment. The county appealed to the County Court, and the county judge being disqualified to try the cause it was transferred to the District Court.

Upon the trial in the latter court the facts were proved as above stated, and in addition thereto it was shown that the price paid by the appellant for the rent of the office was reasonable. The District Court gave judgment for the defendant, and the plaintiff appealed to this court, assigning as error the action of the lower court in giving judgment against him.

Appellant insists that it was the duty of the Commissioners Court of Tarrant County to provide him with a room in which to perform the duties of his office, and that that body having failed to perform its duty in that particular the county became legally liable to reimburse him for the money expended on that account.

The appellant relies upon article 705 of the Revised Statutes for a reversal of the judgment. That article is as follows:

"It shall be the duty of the County Commissioners Court of each county, as soon as practicable after the establishment of a county seat, or after its removal from one place to another, to provide a court house and jail for the county and offices for county officers at such county seat, and keep the same in good repair."

The contention is that a justice of the peace is a county officer within the meaning of the statute, and that therefore he is entitled to have a room provided for him in which to perform the functions of his office. The words "county officers" are terms very loosely used in our laws, and to them no very well defined meaning is assigned. They may mean an officer who is elected solely by the voters of the county or one who has the power to exercise the functions of his office throughout the entire county. It may also be applied to those whose duties are confined to a particular subdivision of the county, as contradistinguished from those whose functions extend to every part of the State. It follows that in order to determine the sense in which the words are used in any particular statute we must look to the context as well as to the reason and spirit of the law. The next article of the Revised Statutes to the one under consideration provides that "the county judge, sheriff, clerks of the District and County

Courts, county treasurer, assessor of taxes, collector of taxes, county surveyor, and county attorney of the several counties of this State shall keep their several offices at the county seat of their respective counties."

This provision, we think, furnishes the key to the problem under consideration. It shows specifically the offices which the Legislature had in mind when they mentioned county officers in the preceding article. They meant the officers who were elected by all the voters of the county and whose functions were not confined in any respect to a part of a county only. Since the officers who were specifically named in article 705 were required to keep their offices at the county seats it was made the duty of the Commissioners Courts to provide for each of them a room as an office in which to transact his public business.

These officers are elected by the voters of the county at large and their respective duties extend to every part of the county. They are therefore appropriately named county officers in contradistinction to both State officers on the one hand and to precinct officers on the other. Their functions are such that the interests of the public demand that they should transact the public business at the county seats, and it was considered just to furnish each of them a room in which to perform his official functions. It was doubtless contemplated that these rooms should be in the court house or in one or more public buildings approximate thereto.

If the justice of the peace at Fort Worth be entitled to have an office furnished at the expense of the county, why not every other justice in the county? Why not each constable, and why not each notary public? Any construction of the article in question which embraces justices of the peace would necessarily embrace notaries and constables. It needs no argument to show that these officers were not intended to be embraced under the terms "county officers." The fact that justices of the peace may be mentioned in the Constitution and statutes as county officers does not show that they were intended to be included by those terms in the provision we are now construing.

There was embraced in plaintiff's demand a claim for money expended for office furniture. For the same reasons that we think that the defendant was not liable for office rent we conclude that it can not be held liable to pay for office furniture.

We conclude that the appellant was not entitled to have a room supplied at the expense of Tarrant County. If we should hold otherwise, we should probably have some difficulty in deciding that he could rent his own office and sue the county for the money expended for rent.

There is no error in the judgment, and it is affirmed.

*Affirmed.*

Delivered October 28, 1890.