

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Hon. K. D. Hall
County Attorney
Refugio County
Refugio, Texas

Opinion No. O-1976
Re: Is the county required to furnish an office for justices of the peace in counties where the population is less than 10,000?
If not, would the county be permitted to spend money for furnishing and equipping offices of the justices of the peace if its officers desire to do so?

Dear Sir:

We are in receipt of your letter of February 17, 1940, requesting an opinion of this department on the above stated questions.

Article 1603 of Vernon's Annotated Civil Statutes reads as follows:

"The county commissioners court of each county, as soon as practicable after the establishment of a county seat, or after its removal from one place to another, shall provide a court house and jail for the county, and offices for county officers at such county seat and keep the same in good repair."

Article 2379, Vernon's Annotated Civil Statutes, reads as follows:

"When the justice precinct where the courthouse of any county is located contains more than seventy-five thousand inhabitants, the commissioners court of said county shall provide and furnish a suitable place in such courthouse for such justice to hold court."

Conference Opinion No. 2328, printed in the 1920-22 Biennial Reports of the Attorney General, at page 439, holds:

"1. The commissioners court is not authorized by law to furnish offices for justices of the peace except as provided in Chapter 94, General Laws, Regular Session of the 36th Legislature, which statute requires that suitable places shall be provided and furnished in the courthouse for the holding of court

by justices of the peace in the precinct where such courthouse is situated where there are more than seventy-five thousand inhabitants in such justice precinct.

"2. In all other instances the commissioners court is without authority to furnish offices for justices of the peace and hence said court is not authorized to pay office rent out of county funds for justices of the peace."

The Supreme Court of Texas in the case of Reynolds, Justice of the Peace v. Tarrant County, 14 S.W. 580, in effect holds that a justice of the peace is not a county officer within the meaning of Article 705 (which is now Article 1603) providing that the county commissioners' court shall provide and maintain offices for the county officers, and the justice of the peace cannot maintain an action to recover from the county moneys expended for office rent and furnishings.

In an opinion written January 9, 1933, by Honorable Homer C. De Wolfe, this department held that the commissioners' court is not authorized by law to furnish offices for justices of the peace except as provided in Article 2379, Vernon's Annotated Civil Statutes, which requires that suitable places shall be provided and furnished in the courthouse for the holding of court by justices of the peace in the precinct where such courthouse is situated where there are more than seventy-five thousand inhabitants in such justice precinct, and that the commissioners' court is not authorized to pay office rent out of county funds for justices of the peace.

In an opinion written September 28, 1932, by Honorable Scott Gaines, Assistant Attorney General, this department held that the commissioners' court is without authority to rent offices or buildings for justice court except under Article 2379.

We believe that Opinion No. 2328, supra, is still a correct interpretation of the law in regard to payment by the county of office rent for justices of the peace.

With reference to Article 2379, supra, it appears that the Legislature was under the impression that the commissioners' court was, before the passage of this Act, without authority to even provide offices in the courthouse for justices of the peace, and that in order for the commissioners' court to have authority to furnish offices in the courthouse to justices of the peace in precincts having more than seventy-five thousand inhabitants, it was necessary to expressly confer such authority upon said court.

Having affirmatively conferred this authority upon the commissioners' court to be exercised under the circumstances and conditions mentioned in this Act, this has the effect of negating the authority of the court to exercise like authority under any other circumstances or conditions.

Article 3899b, Vernon's Annotated Civil Statutes, does not authorize the commissioners' court to pay office rent for a justice of the peace. So far as a justice of the peace is concerned, this Act only requires the commissioners' court to furnish him with such books and stationery as are necessary in the performance of his duties.

In view of the foregoing authorities you are respectfully advised that it is the opinion of this department that the two questions submitted in your inquiry must be answered in the negative.

Trusting that the foregoing fully answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Ardell Williams
Ardell Williams, Assistant

APPROVED FEB 23, 1940
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED: OPINION COMMITTEE
BY:      BWB, CHAIRMAN

AW:LM:wb