

# THE ATTORNEY GENERAL

# OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

October 16, 1951

Hcn. R. C. Marshall      Opinion No. V-1317
County Attorney
Hutchinson County      Re: Obligation of the Comis-
Stinnett, Texas              sioners' Court to place
                             justices of the peace on
Dear Sir:                    a salary basis.

You have requested an opinion on the following question:

"May the justices of the peace legally require the Commissioners' Court to place them upon a salary basis?"

Section 61 of Article XVI of the Constitution of Texas provides in part:

"All district officers in the State of Texas and all county officers in counties having a population of twenty thousand (20,000) or more, according to the then last preceding Federal Census, shall be compensated on a salary basis. In all counties in this State, the Commissioners Courts shall be authorized to determine whether precinct officers shall be compensated on a fee basis or on a salary basis, with the exception that it shall be mandatory upon the Commissioners Courts, to compensate all constables, deputy constables and precinct law enforcement officers on a salary basis beginning January 1, 1949; and in counties having a population of less than twenty thousand (20,000), according to the then last preceding Federal Census, the Comissioners Courts shall also have the authority to determine whether county officers shall be compensated on a fee basis or on a salary basis, with the exception that it shall be mandatory upon the Commissioners Courts to compensate all sheriffs, deputy sheriffs, county law enforcement officers including sheriffs who also perform the

duties of assessor and collector of taxes, and their deputies, on a salary basis beginning January 1, 1949. . . ."

It was held in Attorney General's Opinion V-748 (1948) that justices of the peace were not "law enforcement officers" within the meaning of Article XVI, Section 61 of the Constitution of Texas requiring all precinct law enforcement officers to be compensated on a salary basis. In Attorney General's Opinion O-7536 (1946) it was held that all counties may determine whether precinct officers shall be compensated on a fee or salary basis.

Since justices of the peace are precinct officers (Reynolds v. Tarrant County, 78 Tex. 289, 14 S.W. 580 (1890), and Article 3912e, Section 17, V.C.S.) and are not law enforcement officers within the meaning of Section 61 of Article XVI of the Constitution of Texas, it is within the sole discretion of the commissioners' court to determine whether the justices of the peace shall be compensated on a fee or salary basis. You are therefore advised that the justices of the peace cannot legally require the commissioners' court to place them on a salary basis.

## SUMMARY

It is within the sole discretion of the commissioners' court to determine whether justices of the peace shall be compensated on a fee basis or on a salary basis. Therefore, the justices of the peace cannot require the commissioners' court to place them on a salary basis. Section 61, Article XVI, Constitution of Texas; Att'y Gen. Ops. O-7536 (1946) and V-748 (1948).

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Jesse P. Luton, Jr.
Reviewing Assistant

Everett Hutchinson
Executive Assistant

JR:mh

Yours very truly,

PRICE DANIEL
Attorney General

By John Reeves
John Reeves
Assistant