## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

July 29, 2008

The Honorable Billy W. Byrd
Upshur County Criminal District Attorney
405 North Titus Street
Gilmer, Texas 75644

Opinion No. GA-0651

Re: Whether a justice of the peace who is an attorney may be appointed to represent criminal defendants in appellate proceedings (RQ-0674-GA)

Dear Mr. Byrd:

You state that a justice of the peace in your county, who is a licensed attorney, has requested that he be put on the Criminal Appellate Appointment List.[1] You ask whether the justice may be appointed to represent criminal defendants in appellate proceedings. *See* Request Letter, *supra* note 1, at 1.

Under both the Texas and United States constitutions, "an indigent defendant is entitled to the effective assistance of counsel on appeal." *Yates v. State*, 557 S.W.2d 115, 117 (Tex. Crim. App. 1977) (citing *Anders v. Cal.*, 386 U.S. 738 (1967); *Douglas v. Cal.*, 372 U.S. 353 (1963); *McMahon v. State*, 529 S.W.2d 771 (Tex. Crim. App. 1975); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Hawkins v. State*, 515 S.W.2d 275 (Tex. Crim. App. 1974)); *Eaden v. State*, 161 S.W.3d 173, 175 (Tex. App.—Eastland 2005, no pet.) (citing *Yates*). Under Texas statute,

> [a]n eligible indigent defendant is entitled to have the trial court appoint an attorney to represent him in the following appellate and postconviction habeas corpus matters:
>
> (1) an appeal to a court of appeals;
>
> (2) an appeal to the Court of Criminal Appeals if the appeal is made directly from the trial court or if a petition for discretionary review has been granted;
>
> (3) a habeas corpus proceeding if the court concludes that the interests of justice require representation; and

---

[1]*See* Letter from Honorable Billy W. Byrd, Upshur County Criminal District Attorney, to Honorable Greg Abbott, Attorney General of Texas, at 2 (Jan. 29, 2008) (on file with the Opinion Committee, *also available at* http://www.texasattorneygeneral.gov) [hereinafter Request Letter].

(4) any other appellate proceeding if the court
concludes that the interests of justice require representation.

TEX. CODE CRIM. PROC. ANN. art. 1.051(d) (Vernon Supp. 2007).

As you point out, the Texas Constitution provides justice of the peace courts with "original jurisdiction in criminal matters of misdemeanor cases punishable by fine only . . . and such other jurisdiction as may be provided by law." TEX. CONST. art. V, § 19; see Request Letter, *supra* note 1, at 2; *see also* TEX. GOV'T CODE ANN. § 27.031(a) (Vernon Supp. 2007) (adding to a justice of the peace court's constitutional jurisdiction). You state that a justice of the peace also serves as a magistrate and, as such, "has the duty to advise accused persons of rights, [issue warrants of] arrest, set[] and tak[e] bail bond[s], receiv[e] complaints, [and] appoint[] attorneys." Request Letter, *supra* note 1, at 2; *see* TEX. CODE CRIM. PROC. ANN. art. 2.09 (Vernon Supp. 2007) (listing justices of the peace as magistrates within the meaning of the Code of Criminal Procedure); *Hart v. State*, 15 Tex. App. 202, 1883 WL 8999, at *16 (Tex. Ct. App. 1883) (stating that when a justice of the peace sits for the purpose of inquiring into a criminal accusation against a person, the justice sits as a magistrate in an examining court).[2] You further note that Upshur County prosecutions are conducted in justice court by the Upshur County Criminal District Attorney, who also represents the state in appeals from justice-court decisions "[e]xcept as provided by law." TEX. CODE CRIM. PROC. ANN. art. 45.101 (Vernon 2006); Request Letter, *supra* note 1, at 2; TEX. GOV'T CODE ANN. § 44.330(a)–(b) (Vernon 2004) (requiring the Upshur County Criminal District Attorney to "exclusively represent the state in all criminal matters before" the courts inferior to the district courts of the county and providing the criminal district attorney with "all the powers, duties and privileges . . . that are conferred by law on county . . . attorneys").

You question, in essence, whether an attorney who is a justice of the peace is an appropriate individual to serve as appointed counsel to a criminal defendant in an appeal. You are primarily concerned that the concurrent holding of positions as justice of the peace and a court-appointed appellate attorney will create "a conflict of interest," and you cite in particular the Code of Judicial Conduct. Request Letter, *supra* note 1, at 1. We analyze your question by examining two statutes, the Code of Judicial Conduct, and the Texas Disciplinary Rules of Professional Conduct.

## I.     Statutes

Two statutes appear to suggest that a justice of the peace may accept an appointment to represent a criminal defendant at the appellate level. First, Government Code section 82.064, which bars certain judicial and county officers from appearing as an attorney in a case, does not mention

---

[2]*See also, e.g.,* TEX. CODE CRIM. PROC. ANN. art. 2.10 (Vernon 2005) (setting out general magisterial duties); *id.* arts. 6.01–.04 (requiring a magistrate to act to prevent threatened offenses); *id.* ch. 7 (Vernon 2005 & Supp. 2007) ("Proceedings Before Magistrates to Prevent Offenses"); *id.* art. 15.03(a) (Vernon 2005) (authorizing a magistrate to issue a warrant of arrest or a summons in certain circumstances); *id.* art. 15.17 (Vernon Supp. 2007) (setting out a magistrate's duties when an arrested person is brought before the magistrate).

justices of the peace and thus, by implication, suggests that justices of the peace are excluded from the ban. *See* TEX. GOV'T CODE ANN. § 82.064 (Vernon 2005). Under section 82.064:

> (a) A judge or clerk of the supreme court, the court of criminal appeals, a court of appeals, or a district court, or a sheriff may not appear and plead as an attorney at law in any court of record in this state.

> (b) A county judge or county clerk who is licensed to practice law may not appear and practice as an attorney at law in any county or justice court except in cases over which the court in which the judge or clerk serves has neither original nor appellate jurisdiction.

*Id.* § 82.064(a)–(b); *see also* State Bar Committee on the Interpretation of Canons of Ethics, Opinion 13 (1948), *available at* http://www.txethics.org/reference_opinions.asp?opinionnum=13 (determining that, under Government Code section 82.064's statutory predecessor and cases construing the same, a county judge may practice law within specified limits) (last visited July 22, 2008). This office concluded in 1948 that because no constitutional or statutory provision, including the statutory predecessor to section 82.064(b), prohibited a justice of the peace from practicing law, the justice may "practice law in any court in the State except the justice court over which he presides." Tex. Att'y Gen. Op. No. V-556 (1948) at 1–2.

Second, because, as we conclude below, a justice of the peace is an elected *county* official for purposes of article 26.06 of the Code of Criminal Procedure, article 26.06 implicitly authorizes the justice to accept an appointment to represent a defendant in a criminal case. *See* TEX. CODE CRIM. PROC. ANN. art. 26.06 (Vernon 1989). Article 26.06 limits the circumstances in which an elected county official, among others, may be appointed to represent a defendant in a criminal proceeding:

> No court may appoint an elected county, district or state official to represent a person accused of crime, unless the official has notified the court of his availability for appointment. If an official has notified the court of his availability and is appointed as counsel, he may decline the appointment if he determines that it is in the best interest of his office to do so. Nothing in this Code shall modify any statutory provision for legislative continuance.

*Id.*; *see also Williams v. State*, 321 S.W.2d 72, 75 (Tex. Crim. App. 1958) (construing the statutory predecessor to article 26.06 to "relieve a lawyer who is an elected county official from the duty of accepting [an] appointment, but [not to] preclude his serving if he chooses to do so").

The term "elected county official" has not been defined in Texas by statute, by a court, or by this office. In our opinion, the phrase is synonymous with "elected county officer." A justice of the peace is an elected county officer for some purposes, but an elected precinct officer for other

purposes. For example, article V, section 24 of the Texas Constitution provides for the removal of county officers, including justices of the peace. *See* TEX. CONST. art. V, § 24; *see also Crump v. State*, 5 S.W. 182, 183 (Tex. Ct. App. 1887, no writ) (stating that a justice of the peace is a county officer for purposes of article V, section 24 as well as several statutes); *cf. Lane v. McLemore*, 169 S.W. 1073, 1075 (Tex. Civ. App.—Galveston 1914, no writ) (stating that a justice of the peace, whose functions are confined to the justice's county, is "commonly known and called" a county officer (quoting *State ex rel. Holmes v. Dillon*, 2 S.W. 417, 419 (Mo. 1886)). By contrast, article XVI, section 61(b) of the constitution, which provides for commissioners courts to determine whether precinct officers should be paid on a fee or salary basis, indicates that justices of the peace are precinct officers. *See* TEX. CONST. art. XVI, § 61(b); *see also Chenault v. Bexar County*, 782 S.W.2d 206, 209 (Tex. 1989) (referring to a justice of the peace as a precinct officer); *cf. Harris County v. Stewart*, 41 S.W. 650, 654 (Tex. 1897) (stating that when the territorial limits of a justice of the peace's authority are considered, a justice of the peace is a precinct officer). In 1890 the Texas Supreme Court indicated that whether the term "county officer" encompasses a particular position, such as a justice of the peace, depends upon a consideration of the context and intent of the statute at issue:

> The words 'county officers' are terms very loosely used in our laws, and to them no very well-defined meaning is assigned. They may mean an officer who is elected solely by the voters of the county, or one who has the power to exercise the functions of his office throughout the entire county. It may also be applied to those whose duties are confined to a particular subdivision of the county as contradistinguished from those whose functions extend to every part of the state. It follows that, in order to determine the sense in which the words are used in any particular statute, we must look to the context as well as to the reason and spirit of the law.

*Reynolds v. Tarrant County*, 14 S.W. 580, 581 (Tex. 1890).

Consistently with the Texas Supreme Court's directive to ascertain the context of and reason for the statute, we consider article 26.06's legislative history, which suggests that the Legislature intended the term "elected county official" to be construed expansively. The Legislature enacted the substance of article 26.06 relative to elected county officials in 1951 because "the business and affairs of numerous counties throughout the State are seriously impaired and affected by the practice of appointing elective county officials to represent defendants in criminal cases."[3] Act of May 23, 1951, 52d Leg., R.S., ch. 408, § 2, 1951 Tex. Gen. Laws 752, 752; *see id.* § 1, 1951 Tex. Gen. Laws at 752. The Legislature's stated concern for the timely performance of county business suggests that the Legislature intended the statute to be broadly construed to include, at the county level, any

---

[3]In 1965 the Legislature amended article 26.06's statutory predecessor to "extend" the statute to district and state officials. TEX. CODE CRIM. PROC. ANN. art. 26.06 cmt. (Vernon 1989); *see* Act of May 27, 1965, 59th Leg., R.S., ch. 722, § 1, 1965 Tex. Gen. Laws 317, 426.

elected officer who conducts county business that could be impaired if the officer were appointed to represent an indigent criminal defendant.

We conclude that the phrase "elected county official" in article 26.06 encompasses justices of the peace who are attorneys. Consequently, article 26.06 authorizes a justice of the peace to decline an appointment to represent a criminal defendant but also implicitly recognizes the justice's authority to accept such an appointment. *Cf. Williams*, 321 S.W.2d at 75 (construing the statutory predecessor to article 26.06 to "relieve a lawyer who is an elected county official from the duty of accepting such appointment, but not [to] preclude his serving if he chooses to do so").

In sum, neither Government Code section 82.064 nor Code of Criminal Procedure article 26.06 prohibits a justice of the peace from accepting an appointment to represent an indigent criminal defendant at the appellate level. Indeed, both implicitly recognize the justice's authority to do so. As you suggest, however, ethical rules of conduct may apply.

## II.    Code of Judicial Conduct

Based on the principle that "[a]n independent and honorable judiciary is indispensable to justice in our society," the Code of Judicial Conduct provides "high standards of conduct" by which all judges' conduct is measured. TEX. CODE JUD. CONDUCT, Canon 1, *reprinted in* TEX. GOV'T CODE ANN. tit. 2, subtit. G app. B (Vernon 2005). Canon 4G of the Code specifically forbids a judge to "practice law except as permitted by statute or this Code." *Id.* Canon 4G. Other canons broadly require a judge to act in a manner that will inspire public confidence in the judiciary generally and in the judge's individual capacity to act as a judge. Canon 2A, for example, requires a judge to "act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary." *Id.* Canon 2A. Canon 4A requires a judge to conduct all "extra-judicial activities so that they do not: (1) cast reasonable doubt on the judge's capacity to act impartially as a judge; or (2) interfere with the proper performance of judicial duties." *Id.* Canon 4A.

Canon 6C requires a justice of the peace to comply with all provisions of the Code of Judicial Conduct, but excepts certain provisions—most of which are not relevant here—from applicability. *See id.* Canon 6C(1).[4] In particular, Canon 6C(1)(d) excepts a justice of the peace who is an attorney from Canon 4G's prohibition on the practice of law "except practicing law in the court on which he or she serves, or acting as a lawyer in a proceeding in which he or she has served as a judge or in any proceeding related thereto." *Id.* Canon 6C(1)(d).

---

[4]*See also* TEX. CODE JUD. CONDUCT, Canon 6(C)(1)(a)–(c), (e), *reprinted in* TEX. GOV'T CODE ANN. tit. 2, subtit. G app. B (Vernon 2005) (excepting a justice of the peace from compliance "with Canon 3B(8) pertaining to *ex parte* communications"; "with Canons 4D(2) [pertaining to investments and business operation], 4D(3) [pertaining to the management of investments to minimize disqualification], 4E [pertaining to fiduciary activities], or 4H [pertaining to extra-judicial appointments]"; "with Canon 4F," which pertains to service as an arbitrator or mediator, in certain circumstances; and "with Canon 5(3)," which requires a judge to resign from judicial office when the judge becomes a candidate in a contested election for a nonjudicial office).

You suggest that Canon 6C(1)(d) of the Code of Judicial Conduct may allow a justice of the peace to act as a lawyer "except in a proceeding in which [the justice] has served as a Judge or in any proceeding related thereto." *Id.*; *see* Request Letter, *supra* note 1, at 2. We read Canon 6C(1)(d) similarly. By generally excepting justices of the peace from Canon 4G, we understand Canon 6C(1)(d) to permit justices of the peace who are attorneys to practice law without the need for express authority to do so under statute or the Code of Judicial Conduct. *See* TEX. CODE JUD. CONDUCT, Canons 4G, 6C(1)(d) 1, *reprinted in* TEX. GOV'T CODE ANN. tit. 2, subtit. G app. B (Vernon 2005). Canon 6C(1)(d) does not permit a justice of the peace to act as a lawyer in a proceeding in which the justice served as judge or in any proceeding related to a proceeding in which the justice served as judge.[5] *Id.* Canon 6C(1)(d). Canon 6C(1)(d) on its face appears to recognize that a justice may serve as appointed counsel for a criminal defendant in the appellate process so long as the justice does not act "as a lawyer in a proceeding in which he or she has served as a judge or in any proceeding related thereto." *Id.*

Nevertheless, this office cannot finally resolve whether a justice of the peace will violate the canons of judicial conduct by accepting an appointment to represent a criminal defendant in a particular appellate proceeding. This office cannot resolve fact questions. *See* Tex. Att'y Gen. Op. No. GA-0446 (2006) at 18 ("Questions of fact are not appropriate to the opinion process."). Moreover, the State Commission on Judicial Conduct (the "Commission") is responsible in the first instance for applying the judicial canons to specific judicial conduct. *See* TEX. CONST. art. V, § 1-a(2), (6)(A), (8) (creating the Commission and authorizing it to investigate alleged willful violations of the Code of Judicial Conduct, among other things); *accord* TEX. GOV'T CODE ANN. §§ 33.002(a), .0211(a), .022(a), (c), (f), .023(a) (Vernon 2004); Tex. Att'y Gen. Op. No. GA-0551 (2007) at 2. We find no Commission statement on a judge's concurrent service as a court-appointed attorney representing a criminal defendant in the appeals process.[6] *See generally* STATE COMM'N

---

[5]Canon 6C(1)(d) also bans a justice from practicing law in the justice's own court. TEX. CODE JUD. CONDUCT, Canon 6C(1)(d), *reprinted in* TEX. GOV'T CODE ANN. tit. 2, subtit. G app. B (Vernon 2005). You tell us that the justice about whom you ask is interested only in appellate work. *See* Request Letter, *supra* note 1, at 2. A justice court has no appellate jurisdiction. *See* TEX. CONST. art. V, § 19; TEX. GOV'T CODE ANN. § 27.031(a) (Vernon Supp. 2007). Accordingly, we need not stipulate that the justice may not practice in his own court.

[6]The Commission has spoken against judges serving "concurrently as . . . law enforcement officer[s]." STATE COMM'N ON JUDICIAL CONDUCT, PUBLIC STATEMENT NO. PS-2000-1 (Mar. 24, 2000). The Commission's Public Statement is premised on a separation-of-powers rationale:

> Judges are members of the judicial branch of our government. Law enforcement officers are part of the executive branch. Each branch is separate from, but co-equal with, the other. Therefore, the Commission concludes that any judge who attempts to serve both branches cannot accomplish the task without impairing the effectiveness of one or both positions.

*Id.* Based upon the Commission's Public Statement, this office in 2007 concluded that a justice of the peace might be prohibited from administering polygraph examinations for a criminal district attorney's office—"a part of law enforcement and the executive branch of government." Tex. Att'y Gen. Op. No. GA-0551 (2007) at 2. We have found no statement that an attorney appointed to represent an indigent defendant in appellate proceedings is within the executive branch of government such that the Commission's separation-of-powers rationale would apply here, however.

ON JUDICIAL CONDUCT, PUBLIC STATEMENTS, *available at* http://www.scjc.state.tx.us/pubstats.asp (last visited July 22, 2008).

### III.  Disciplinary Rules of Professional Conduct

Although you do not cite the Texas Disciplinary Rules of Professional Conduct, they may be relevant also. *Cf.* TEX. CODE JUD. CONDUCT, Preamble, *reprinted in* TEX. GOV'T CODE ANN. tit. 2, subtit. G app. B (Vernon 2005) (stating that the Code of Judicial Conduct is not "exhaustive" and that judges "should also be governed in their judicial and personal conduct by general ethical standards"). The Disciplinary Rules have been adopted to provide high standards of ethical conduct for all members of the State Bar of Texas. *See* STATE BAR RULES art. II, § 3, *reprinted in* TEX. GOV'T CODE ANN. tit. 2, subtit. G app. A (Vernon 2005); TEX. DISCIPLINARY R. OF PROF'L CONDUCT, Preamble, *reprinted in* TEX. GOV'T CODE ANN. tit. 2, subtit. G app. B (Vernon 2005).

For example, Rule 1.06(b)(2) generally prohibits a lawyer from representing a person if the representation "reasonably appears to be or become adversely limited by the lawyer's . . . responsibilities to another client or to a third person or by the lawyer's . . . own interests." TEX. DISCIPLINARY R. OF PROF'L CONDUCT 1.06(b)(2), *reprinted in* TEX. GOV'T CODE ANN. tit. 2, subtit. G app. A (Vernon 2005). Rule 1.10(a) prohibits a lawyer from "represent[ing] a private client in connection with a matter in which the lawyer participated personally and substantially as a public officer, unless the appropriate government agency consents after consultation" and "[e]xcept as law may otherwise expressly permit." *Id.* R. 1.10(a). And Rule 1.11(a) prohibits a lawyer from "represent[ing] anyone in connection with a matter in which the lawyer has passed upon the merits or otherwise participated personally and substantially as an adjudicatory official . . . unless all parties to the proceeding consent after disclosure." *Id.* R. 1.11(a).

Whether particular conduct violates these or any other rules of professional conduct is a question requiring the resolution of fact questions and cannot be decided by this office.[7] *See* Tex.

---

[7]In 1948 the State Bar Committee on the Interpretation of Canons of Ethics (the "Committee"), which was responsible for construing the Canons of Ethics for attorneys in effect at that time, construed Canon 6 with respect to a justice of the peace's practice of law in superior courts or in a county outside his own. State Bar Committee on the Interpretation of Canons of Ethics, Opinion 16 (1948), *available at* http://www.txethics.org/reference_opinions.asp ?opinionnum=16 (last visited July 22, 2008). Canon 6 cautioned an attorney against representing conflicting interests unless all concerned persons had expressly consented following a full disclosure of the facts and forbade an attorney from representing persons in matters adverse to previous clients. *See* Canons of Ethics, Canon 6, *reprinted in* STATE BAR OF TEXAS, RULES AND CANONS OF ETHICS (1958); *cf.* TEX. DISCIPLINARY R. OF PROF'L CONDUCT 1.06, 1.09, *reprinted in* TEX. GOV'T CODE ANN. tit. 2, subtit. G app. A (Vernon 2005) ("Conflict of Interest: General Rule" and "Conflict of Interest: Former Client"). The Committee opined that a justice of the peace, who is a lawyer, may practice criminal law in superior courts or in any county outside his own county "where the matter has not been before him in any manner in his capacity of justice of the peace," but that "it would be highly preferable for said justice of the peace to refrain from such practice even though . . . no statute or Canon . . . expressly prohibits him from doing so." State Bar Committee on the Interpretation of Canons of Ethics, Opinion 16 (1948), *available at* http://www.txethics.org/reference_opinions.asp ?opinionnum=16 (last visited July 22, 2008).

(continued...)

Att'y Gen. Op. No. GA-0446 (2006) at 18 ("Questions of fact are not appropriate to the opinion process."); *see also* TEX. GOV'T CODE ANN. § 81.071 (Vernon 2005) ("Each attorney admitted to practice in this state . . . is subject to the disciplinary and disability jurisdiction of the supreme court and the Commission for Lawyer Discipline, a committee of the state bar."); *Kaufman v. Comm'n for Lawyer Discipline*, 197 S.W.3d 867, 872 (Tex. App.—Corpus Christi 2006), *cert. denied*, 128 S. Ct. 331 (2007) (noting the jurisdiction of the supreme court and the Commission for Lawyer Discipline).

---

[7](...continued)

In 1956 the Committee construed Canon 33 with respect to a justice of the peace's advocacy in civil or criminal proceedings arising in his court or other courts. *See* State Bar Committee on the Interpretation of Canons of Ethics, Opinion 125 (1956), *available at* http://www.txethics.org/reference_opinions.asp?opinionnum=125 (last visited July 22, 2008). Canon 33 prohibited an attorney from accepting employment "as an advocate in any matter upon the merits of which he has previously acted in a judicial capacity." Canons of Ethics, Canon 33, *reprinted in* STATE BAR OF TEXAS, RULES AND CANONS OF ETHICS (1958); *cf.* TEX. DISCIPLINARY R. OF PROF'L CONDUCT 1.11, *reprinted in* TEX. GOV'T CODE ANN. tit. 2, subtit. G app. A (Vernon 2005) ("Adjudicatory Official or Law Clerk"). The Committee opined that "[i]t is improper for a justice of the peace to participate in any case [that] originated in his court or any other justice of the peace court." State Bar Committee on the Interpretation of Canons of Ethics, Opinion 125 (1956), *available at* http://www.txethics.org/reference_opinions.asp?opinionnum=125 (last visited July 22, 2008). The Committee further opined that "[i]t is improper or 'unwise' for a justice of the peace to defend criminal cases in any court regardless of where the case originated." *Id.*

When these opinions were issued, there was no provision equivalent to Canon 6C(1)(d) of the Code of Judicial Conduct. We cannot predict how that Code of Judicial Conduct would impact any decision under the current Disciplinary Rules of Professional Conduct.

## S U M M A R Y

Neither Government Code section 82.064 nor Code of Criminal Procedure article 26.06 prohibits a justice of the peace who is an attorney from accepting an appointment to represent an indigent criminal defendant at the appellate level, and both implicitly recognize the justice's authority to do so.

Nevertheless, the justice also is subject to the Code of Judicial Conduct and the Texas Disciplinary Rules of Professional Conduct. Whether a justice of the peace may be appointed to represent criminal defendants in appellate proceedings without violating the Code of Judicial Conduct or the Disciplinary Rules of Professional Conduct is a question requiring the resolution of fact issues and cannot be determined by this office.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ANDREW WEBER
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee